UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Tanya Wilson,<br><br>                              Plaintiff,<br><br>v.<br><br>CSX Transportation, Inc.,<br><br>                              Defendant. | Case No. 3:24-CV-924<br><br>**COMPLAINT**<br>(JURY TRIAL DEMANDED) |

## **INTRODUCTION**

1.  Tanya Wilson ("Wilson") suffers from medical conditions that prevent her from working more than an eight-hour shift. Despite knowing this, CSX Transportation, Inc. ("CSX") repeatedly ordered her to work more than an eight-hour shift. When Wilson refused, CSX terminated her, in violation of the Americans with Disabilities Acts, as amended by the ADA Amendments Act of 2008, 42 U.S.C. § 12101, *et seq*. ("ADA").

## **PARTIES**

2.  Wilson resides in this district.

3.  CSX, a railroad transportation company operating in the Eastern United States and Canada, is headquartered in this district.

## **JURISDICTION AND VENUE**

4.  This Court has jurisdiction under 28 U.S.C. § 1331.

5.  Venue is proper under 28 U.S.C. § 1391 because Wilson resides in this district, worked for CSX in this district, and the illegal conduct occurred in this district.

## **FACTUAL ALLEGATIONS**

6.  On September 18, 2006, CSX hired Wilson to work as a clerk.

7. Using her seniority, Wilson worked the job assignment of a crew dispatcher.

8. Crew dispatchers work eight-hour shifts; however, CSX can require them to work two shifts in a row.

9. Wilson suffers from physical impairments that substantially limit her ability to breath, walk, talk, hear, see, sleep, care for herself, perform manual tasks, and/or work.

10. Wilson's physical impairments substantially limit her immune system functions, normal cell growth, digestive system, bowels, bladder, neurological system, brain, respiratory system, circulatory system, endocrine system, and/or reproductive functions.

11. To wit, Wilson's physical impairments prevent her from working more than an eight-hour shift.

12. Wilson informed CSX that her medical conditions prevented her from working more than an eight-hour shift.

13. Nevertheless, CSX continued to order Wilson to work eight-hour shifts back-to-back.

14. Wilson refused the orders.

15. Because Wilson refused the orders, CSX terminated her, claiming she had violated its attendance policy.

16. Wilson would not have been in violation of CSX's attendance policy absent her refusal to work back-to-back shifts.

17. Exempting Wilson from having to work back-to-back shifts would have caused CSX no burden.

## CAUSES OF ACTION

### Violation of 42 U.S.C. § 12101, *et seq.*

18. CSX was Wilson's employer within the meaning of the ADA.

19. At all relevant times, Wilson was "disabled" within the ADA's definition of the word.

20. Wilson is a qualified individual within the meaning of the ADA.

21. Section 12112(a) of the ADA prohibits employers from discriminating against employees on the basis of disability in regard to "job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."

22. The ADA defines "discrimination" to include failing to accommodate employees' disabilities when reasonable.

23. CSX discriminated against Wilson on the basis of disability when it continued to force her to work back-to-back shifts despite knowing her medical conditions prevented her from so doing and when it terminated her for refusing to violate her doctor's restrictions.

24. Because CSX violated 42 U.S.C. § 12112, Wilson has suffered and will continue to suffer loss of income, emotional distress, and other damages. Wilson is also entitled to attorney's fees and costs in connection with these claims.

25. CSX committed the above-alleged acts with reckless or deliberate disregard for Wilson's rights. As a result, Wilson is entitled to punitive damages.

## **REQUEST FOR RELIEF**

26. Wilson requests that the Court find CSX acted in violation of the ADA.

27. Wilson further requests that the Court order CSX to:

- pay to her an award of damages arising from loss of past and future income and benefits in an amount to be determined by the trier of fact;

- pay to her an award for emotional distress in an amount to be determined by the trier of fact;

- pay to her an award for costs (including litigation and expert costs), disbursements, and attorney's fees; and

- pay to her an award for $300,000 for punitive damages for each violation of the ADA.

28. Wilson further requests that the Court order judgment against CSX for all other relief available under the ADA and such other relief as the Court deems just and equitable.

Dated: September 6, 2024

**PLAINTIFF'S COUNSEL**

/s/ Nicholas D. Thompson
Nicholas D. Thompson (MN#0389609)
(Motion for Special Admission filed concurrently)
CASEY JONES LAW FIRM
323 N. Washington Avenue, Suite 200
Minneapolis, MN 55401
Phone: (757) 477-0991
Email: nthompson@caseyjones.law